*Detweiler v. Panera Bread Co.*, 662-8-16 Cncv (Mello, J., Oct. 10, 2016). [The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                            **CIVIL DIVISION**
**Chittenden Unit**                                            **Docket No. 662-8-16 Cncv**


**Susan Detweiler,**
    **Plaintiff/Appellee**


    **v.**


**Panera Bread Company,**
    **Defendant/Appellant,**

### SMALL CLAIMS APPEAL DECISION

On July 8, 2016, Acting Small Claims Court Judge Gary Franklin issued a small claims judgment in the amount of $5,000 plus costs in favor of plaintiff/appellee Susan Detweiler based on the evidence presented at a contested hearing held that same day. Defendant/appellant Panera Bread Company has appealed the small claims judgment to the Superior Court.

This appeal is limited to questions of law and must be based on the record from the Small Claims Court. (V.R.S.C.P. Rules 10(c) and (d)). Therefore, the small claims court's findings of fact may not be set aside unless they are "clearly erroneous," and "[d]ue regard" must be given to the trial judge's opportunity "to judge the credibility of the witnesses and the weight of the evidence" (V.R.C.P. Rule 52(a)(2)). This court must review the small claims court's findings of fact "in the light most favorable to the prevailing party below, disregarding the effect of modifying evidence." In re M.B., 2004 VT 58, ¶ 6, 177 Vt. 481 (mem.). Moreover, the small claims court's findings must stand "if there is any reasonable and credible evidence to support them." Id. Lastly, an appellate court "will not reverse a trial court's decision if the record below reveals any legal grounds that would justify the result." Larkin v. City of Burlington, 172 Vt. 566, 568 (2001).

The evidence, viewed in the light most favorable to plaintiff/appellee Susan Detweiler, establishes that on November 16, 2015, Ms. Detweiler was eating a green goddess cobb salad with chicken for lunch at the Panera Bread Company when she bit down on a hard object as she was chewing her food. Ms. Detweiler heard a large crunch and thought that one of her fillings had become loose. She inadvertently swallowed what was in her mouth without seeing what the hard object had been.

The following day Ms. Detweiler went to see her dentist because she noticed that one of her teeth was loose. The dentist examined Ms. Detweiler's mouth and found that she had fractured one of her upper teeth (tooth #13); the tooth in question had been "a virgin tooth with no prior work history." The dentist found no evidence of any filling having fallen out or of any tooth fragment having broken off. The ingredients of the salad that Ms. Detweiler had been eating at the time her tooth fractured contained nothing that could have caused an otherwise asymptomatic virgin tooth to fracture. The dentist concluded that Ms. Detweiler had bitten down on something in the salad "other than what was listed in the ingredients," causing the tooth to fracture.

Defendant/appellant Panera Bread Company contends that the small claims court's judgment should be reversed and judgment should be entered in its favor because the evidence was insufficient to prove what caused Ms. Detweiler's tooth to fracture or that Panera Bread Company was negligent. Because Ms. Detweiler could not prove exactly what it was that she bit down on, Panera Bread Company contends that the small claims judge could only speculate that it was a foreign object, as opposed to something natural to the food, such as a peppercorn or a chicken bone. In addition, Panera Bread Company contends that the small claims judge violated the rule against stacking inferences when he inferred from the evidence that Ms. Detweiler had bitten down on a foreign object and then inferred from the same evidence that Panera Bread Company had been negligent in causing or allowing the foreign object to be present.

The evidence, taken in the light most favorable to Ms. Detweiler, was sufficient to support a finding by the small claims judge that there was an object in the salad which Panera Bread Company served to Ms. Detweiler that should not have been there. Based upon Ms. Detweiler's testimony the judge was justified in finding that that the only thing in her mouth at the time of the injury, other than her teeth, was defendant's salad, and based upon the testimony of the dentist the judge was justified in finding that the object which caused the injury must have been in the food, because it did not come from any of Ms. Detweiler's fillings or teeth. In addition, based upon the dentist's testimony that the object in question was not an ingredient of the salad and was hard enough to fracture a virgin tooth that had never needed work, the judge was justified in concluding that the object, whatever it was, should not have been in the food.

Ms. Detweiler presented no evidence as to how the object got into the salad. Therefore, there is no direct evidence in the record supporting a finding that Panera Bread Company was negligent in preparing the salad or serving it to Ms. Detweiler, and the court agrees with Panera Bread Company that it would have been improper to infer negligence from the mere fact that the object was present. However, the small claims judge did not need to infer negligence on the part of Panera Bread Company in order to find it liable to Ms. Detweiler. This is because Ms. Detweiler had available to her an alternative theory of liability, one that did not require the proof of negligence.

Under the Uniform Commercial Code, when a restaurant serves food to a patron, the restaurant warrants that the food is merchantable, i.e., that "are fit for the ordinary purposes for which such goods are used." 9A V.S.A. 2-314. Here, the evidence was sufficient to support a finding that the salad which Panera Bread Company prepared and served to Ms. Detweiler contained an object that should not have been there and was hard enough to break a tooth when bitten into. Such a salad is not fit for its ordinary use of consumption. Therefore, Panera Bread Company is liable to Ms. Detweiler for breach of the implied warranty of merchantability, whether it was negligent for causing or allowing the object to be present in the salad, or not.

For all the foregoing reasons, the judgment of the Small Claims Court is affirmed.

So ORDERED this _____ day of October, 2016.

_____
Robert A. Mello, Superior Judge